TC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CECILIA WALKER,<br>TIMOTHY RAYFORD,<br>LATISH COLEMAN,<br>MICHAEL MILLER, and<br>TONISHA BERRY | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 08CR 683<br><br>Violations: Title 18, United States Code, Sections 1343 and 2 |

JUDGE JOAN H. LEFKOW
MAGISTRATE JUDGE BROWN

FILED
AUG 2 8 2008 TC
AUG 28 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**COUNT ONE**

The SPECIAL JUNE 2007 GRAND JURY charges:

1. At times material to this Indictment:

a. Accenture was a corporation with offices around the world, including an office located in Chicago, Illinois. Accenture offered and provided a variety of services to its clients.

b. New Century Financial Corporation ("New Century Financial") was a real estate investment trust headquartered in Irvine, California. New Century Financial provided mortgage products through its subsidiaries New Century Mortgage Corporation ("New Century Mortgage") and Home 123 Corporation ("Home 123"). New Century Financial and its subsidiaries operated in interstate commerce, and their activities affected interstate commerce. New Century Financial hired Accenture to process the payroll for the employees of New Century Mortgage and Home 123. The payroll services that New Century Financial retained from Accenture included having Accenture personnel prepare and deliver payroll

checks to its New Century Mortgage and Home 123 employees and affiliates. New Century Mortgage and Home 123 maintained a bank account at Union Bank of California, which bank maintained an account with the Federal Reserve Bank of Los Angeles, California.

c. Defendant CECILIA WALKER lived in Chicago, Illinois, and worked for Accenture's Chicago office as a check processor. Part of WALKER's responsibilities included preparing payroll checks for Accenture's client New Century Financial.

d. Defendant TIMOTHY RAYFORD lived in Chicago, Illinois. RAYFORD had a checking account at Charter One Bank, which had branches located in Chicago, Illinois. Charter One Bank had an account with the Federal Reserve Bank of Chicago, Illinois. RAYFORD also had a checking account at TCF Bank, which had branches located in Chicago, Illinois. TCF Bank had an account with LaSalle Bank, which bank maintained an account with the Federal Reserve Bank of Chicago.

e. Defendant LATISH COLEMAN lived in Chicago, Illinois, and worked for Accenture's Chicago office as a check processor. Part of COLEMAN's responsibilities included preparing payroll checks for Accenture's client New Century Financial. COLEMAN had checking and savings accounts at E*Trade Financial, which had a branch located in Chicago, Illinois. E*Trade Financial maintained an account with the Federal Reserve Bank of Baltimore, Maryland.

f. Defendant MICHAEL MILLER lived in Chicago, Illinois. MILLER had a checking account at Washington Mutual Bank, which had branches located in Chicago,

Illinois. Washington Mutual Bank maintained an account with the Federal Reserve Bank of Jacksonville, Florida.

g. Defendant TONISHA BERRY lived in Chicago, Illinois. BERRY had brokerage and savings accounts at E*Trade Financial, which had a branch located in Chicago, Illinois.

2. Beginning no later than in or about July 2006 and continuing thereafter until at least in or about November 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

CECILIA WALKER,
TIMOTHY RAYFORD,
LATISH COLEMAN,
MICHAEL MILLER, and
TONISHA BERRY,

defendants herein, along with others known and unknown to the grand jury, knowingly devised and intended to devise, and participated in, a scheme to defraud and to obtain money, property, and funds owned by and under the custody and control of New Century Financial and its subsidiaries New Century Mortgage and Home 123, and others, by means of materially false and fraudulent pretenses, representations, promises and omissions, which scheme is further described below:

2. It was part of the scheme that between July 2006 and September 2006, defendants CECILIA WALKER and LATISH COLEMAN, while employed as check processors at Accenture, accessed Accenture's payroll system and, without authority, printed

checks on New Century Mortgage and Home 123 check stock made payable to the following individuals:

| | Check Date | Check Number | Check Amount | Check Payee |
|---|---|---|---|---|
| 1 | 7/14/06 | 101175 | $29,761.35 | TONISHA BERRY |
| 2 | 8/12/06 | 10563 | $52,664.68 | TONISHA BERRY |
| 3 | 9/8/06 | 21294 | $22,672.21 | TIMOTHY RAYFORD |
| 4 | 9/8/06 | 21296 | $22,672.21 | TIMOTHY RAYFORD |
| 5 | 9/22/06 | 21169 | $51,090.02 | MICHAEL MILLER |
| 6 | 9/29/06 | 20108 | $80,890.21 | MICHAEL MILLER |
| 7 | 9/29/06 | 20116 | $79,487.47 | TIMOTHY RAYFORD |
| 8 | 9/29/06 | 20138 | $75,256.00 | TIMOTHY RAYFORD |
| 9 | 9/30/06 | 20115 | $81,112.40 | TONISHA BERRY |
| **TOTAL** | | | **$495,606.55** | |

3. It was further part of the scheme that WALKER and COLEMAN gave these checks to BERRY, RAYFORD, and MILLER when, in truth and fact, neither BERRY, RAYFORD, nor MILLER were employees of New Century Mortgage or Home 123 or otherwise entitled to receive the checks from those companies.

4. It was further part of the scheme that, to conceal the fraudulent nature of the checks, WALKER and COLEMAN made the checks payable in the names of actual New Century Mortgage employees and affiliates, and included in the fraudulent checks street addresses associated with those actual employees and affiliates. The actual employees and

affiliates whose names WALKER and COLEMAN used on the checks shared the same first and last names as RAYFORD and MILLER and the same last name as BERRY.

5. It was further part of the scheme that RAYFORD, MILLER, and BERRY received these checks from WALKER and COLEMAN and deposited them into their respective bank accounts. After the fraudulent checks cleared, RAYFORD, MILLER, and BERRY withdrew a portion of the checks' proceeds and turned such proceeds over to WALKER and COLEMAN in the form of cash, check, and/or wire transfer. RAYFORD, MILLER, and BERRY kept the remainder of the proceeds from the fraudulent checks for their own use and benefit.

6. It was further part of the scheme that WALKER, RAYFORD, COLEMAN, MILLER, and BERRY misrepresented, concealed and hid and caused to be misrepresented, concealed and hidden, the acts and purposes of the acts done in furtherance of the scheme to defraud.

7. On or about September 13, 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

CECILIA WALKER
and
TIMOTHY RAYFORD,

defendants herein, for the purpose of executing the aforesaid scheme, did transmit and cause to be transmitted by means of wire communication in interstate commerce certain signs and signals, namely, a funds transfer in the amount of $22,672.21 from the Federal Reserve Bank

in Los Angeles to the Federal Reserve Bank in Chicago, for credit to the account of Charter One Bank, which funds transfer represented defendant RAYFORD's deposit of fraudulent check number 21296 obtained during the scheme;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT TWO

The SPECIAL JUNE 2007 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 7 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2. On or about October 5, 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

CECILIA WALKER
and
TIMOTHY RAYFORD,

defendants herein, for the purpose of executing the aforesaid scheme, did transmit and cause to be transmitted by means of wire communication in interstate commerce certain signs and signals, namely, a funds transfer in the amount of $75,256 from the Federal Reserve Bank in Los Angeles to the Federal Reserve Bank in Chicago, for credit to the account of Charter One Bank, which funds transfer represented defendant RAYFORD's deposit of fraudulent check number 20138 obtained during the scheme;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT THREE

The SPECIAL JUNE 2007 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 7 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2. On or about September 14, 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

CECILIA WALKER
and
TIMOTHY RAYFORD,

defendants herein, for the purpose of executing the aforesaid scheme, did transmit and cause to be transmitted by means of wire communication in interstate commerce certain signs and signals, namely, a funds transfer in the amount of $22,672.21 from the Federal Reserve Bank in Los Angeles to the Federal Reserve Bank in Chicago, for credit to the account of LaSalle Bank, which funds transfer represented defendant RAYFORD's deposit of fraudulent check number 21294 obtained during the scheme;

In violation of Title 18, United States Code, Sections 1343 and 2.

**COUNT FOUR**

The SPECIAL JUNE 2007 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 7 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2. On or about October 5, 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

CECILIA WALKER
and
TIMOTHY RAYFORD,

defendants herein, for the purpose of executing the aforesaid scheme, did transmit and cause to be transmitted by means of wire communication in interstate commerce certain signs and signals, namely, a funds transfer in the amount of $79,487.47, from the Federal Reserve Bank in Los Angeles to the Federal Reserve Bank in Chicago, for credit to the account of LaSalle Bank, which funds transfer represented defendant RAYFORD's deposit of fraudulent check number 20116 obtained during the scheme;

In violation of Title 18, United States Code, Sections 1343 and 2.

**COUNT FIVE**

The SPECIAL JUNE 2007 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 7 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2. On or about November 1, 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

CECILIA WALKER,
TIMOTHY RAYFORD,
and
MICHAEL MILLER,

defendants herein, for the purpose of executing the aforesaid scheme, did transmit and cause to be transmitted by means of wire communication in interstate commerce certain signs and signals, namely, a funds transfer in the amount of $89,890.21 from the Federal Reserve Bank in Los Angeles to the Federal Reserve Bank in Jacksonville, for credit to the account of Washington Mutual Bank, which funds transfer represented defendant MILLER's deposit of fraudulent check number 20108 obtained during the scheme;

In violation of Title 18, United States Code, Sections 1343 and 2.

**COUNT SIX**

The SPECIAL JUNE 2007 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 7 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2. On or about November 1, 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

CECILIA WALKER,
LATISH COLEMAN,
and
TONISHA BERRY,

defendants herein, for the purpose of executing the aforesaid scheme, did transmit and cause to be transmitted by means of wire communication in interstate commerce certain signs and signals, namely, a funds transfer in the amount of $81,112.40 from the Federal Reserve Bank in Los Angeles to the Federal Reserve Bank in Baltimore, for credit to the account of E*Trade Financial, which funds transfer represented defendant BERRY's deposit of fraudulent check number 20115 obtained during the scheme;

In violation of Title 18, United States Code, Sections 1343 and 2.

**FORFEITURE ALLEGATION**

The SPECIAL JUNE 2007 GRAND JURY further charges:

1. The allegations of Counts One through Six of this Indictment are realleged and incorporated herein by reference for the purpose of alleging forfeiture to the United States pursuant to Title 18, United States Code, Section 982.

2. As a result of their violations of Title 18, United States Code, Section 1343, as alleged in the foregoing Indictment,

CECILIA WALKER,
TIMOTHY RAYFORD,
LATISH COLEMAN,
MICHAEL MILLER, and
TONISHA BERRY

defendants herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2), any and all right, title, and interest they may have in any property, real and personal, constituting, and derived from, proceeds obtained directly and indirectly, from wire fraud, which property is subject to forfeiture pursuant to Title 18, United States Code, Section 982.

3. The interests of the defendants subject to forfeiture pursuant to Title 18, United States Code, Section 982, include, but are not limited to, funds in the amount of $495,606.55 and any property constituting, derived from, and traceable to, the proceeds that the defendants obtained directly or indirectly as a result of the offense, including but not limited to all funds held in the following accounts:

| Account Holder | Financial Institution | Account Number |
| --- | --- | --- |
| Tonisha Berry | E*Trade | XXXX-6186 |
| Tonisha Berry | E*Trade | XXXXXX5539 |
| Latish Coleman | E*Trade | XXXXXX7118 |
| Latish Coleman | E*Trade | XXXXXX6021 |

4. If any of the forfeitable property described above, as a result of any act or omission by the defendants:

a. Cannot be located upon the exercise of due diligence;

b. Has been transferred or sold to, or deposited with, a third party;

c. Has been placed beyond the jurisdiction of the Court;

d. Has been substantially diminished in value; or

e. Has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

All pursuant to Title 18, United States Code, Section 982.

A TRUE BILL

FOREPERSON

UNITED STATES ATTORNEY